IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD BAUER, | : | CIVIL ACTION NO.: |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| THE BOEING COMPANY, | : | |
| *Defendant.* | : | |
| | : | |

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT**:

1.    This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Ronald Bauer, a former employee of Defendant, The Boeing Company, who has been harmed by Defendant's age discrimination, ultimately resulting in his termination from employment.

2.    This action is brought under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq. and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.§626(b).

**II.    JURISDICTION AND VENUE:**

3.    The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1337, and the claim is substantively based on the Age Discrimination in Employment Act ("ADEA"), Title 29 U.S.C. §626(b).  The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claim arising

-1-

under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

4. All conditions precedent to the institution of this suit have been fulfilled. More than sixty (60) days have elapsed since the Plaintiff filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

### III. PARTIES:

5. Plaintiff, Ronald Bauer, is an individual and citizen of the Commonwealth of New Jersey and resides therein at 405 St. David Drive, Mt. Laurel, New Jersey 08054.

6. Defendant, The Boeing Company, was and is now a corporation organized and existing under the laws of the State of Delaware with a place of business located at Route 291 and Stewart Avenue, Ridley Park, Pennsylvania 19078-1099.

7. At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of the Defendant.

8. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADEA and PHRA and has been, and is, subject to the provisions of each said Act.

### II. CAUSES OF ACTION:

9. Bauer began his tenure of employment with the Defendant from in or about June of 1966 until on or about January 3, 2003, the effective date of his lay-off. He was

subsequently forced to take early retirement.

10. Bauer at all times maintained an excellent job performance rating throughout his thirty-seven (37) years with the Defendant Company in his position.

11. During the course of Bauer's employment, the Defendant subjected Bauer to discrimination on the basis of his age fifty-nine (59), which was designed and calculated to interfere with Bauer's ability to perform the job function of Helicopter Program Manager.

12. On several occasions, one John Gilbride ("Gilbride"), Director ASP, repeatedly subjected Bauer to offensive remarks in connection with his age, including asking if Bauer was ready for retirement, informing Bauer that retirement is an option, and that Bauer should take his retirement and leave.

13. On or about June 17, 2002, Gilbride informed Bauer that he would be removed from his current project and would eventually be laid off, allegedly because there were no jobs available for him.

14. Thereafter, Bauer believes and avers that a younger, less-qualified individual replaced Bauer at the Defendant Company.

15. On or about August 23, 2002, Bauer was given a 60 Day Advance Notice of Layoff, which was thereafter extended and effective January 3, 2003, ultimately resulting in Bauer's termination from his position of employment due to the aforementioned discriminatory treatment.

16.     Furthermore, upon information and belief, other positions were available within the company for which Bauer was qualified, however, these positions were not offered to him further evidencing Defendant's intent to discriminate against him.

**COUNT I**
**(ADEA)**
**Plaintiff vs.  Defendant**

17.     Plaintiff incorporates by reference paragraphs 1 through 16 of his Complaint as fully set forth at length herein.

18.      The actions of the Defendant through its agents, servants and employees in harassing the Plaintiff because of his age, constituted a violation of the ADEA.

19.     The unlawful discriminatory employment practices engaged in by the Defendant were in violation of the provisions of Title 29 U.S.C. § 623(a)(1) and 623(a)(2) of the Age Discrimination in Employment Act.

20.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant Corporation in violation of 29 U.S.C. § 623(a)(1) and 623(a)(2) of the Age Discrimination in Employment Act, Plaintiff sustained permanent and irreparable harm, resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus backpay, and frontpay and interest due thereon.

## COUNT II
## (PHRA)
### Plaintiff vs. Defendant

21. Plaintiff incorporates by reference paragraphs 1 through 20 of his Complaint as fully set forth at length herein.

22. The actions of the Defendant through its agents, servants and employees in discriminating against the Plaintiff because of his age, constituted a violation of the PHRA.

23. The unlawful discriminatory employment practices engaged in by Defendant Corporation were in violation of the provisions of the PHRA, P. S. §951 et seq.

24. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus backpay, and frontpay and interest due thereon. The Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress, as a result of the Defendant Corporation's unlawful actions, as aforesaid.

## PRAYER FOR RELIEF

25. Plaintiff repeats the allegations of paragraph 1 through 24 of his Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against the Defendant, and order that:

a. Defendant offer Plaintiff a position, with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

b. Defendant compensate Plaintiff with an award of front pay, if appropriate;

c. Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

d. Defendant pay Plaintiff liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other nonpecuniary losses as allowable;

e. Defendant pay to Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

f. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                        SIDNEY L. GOLD & ASSOCIATES, P.C.

                 BY:  S/Sidney L. Gold, Esq. SG-1387
                    SIDNEY L. GOLD, ESQUIRE
                    Attorney I.D. #: 21374
                    1835 Market Street, Suite 515
                    Philadelphia, PA  19103
                    (215) 569-1999
                    Attorney for Plaintiff, Ronald Bauer